UNITED STATES of America,
Plaintiff–Appellee,

v.

Joel LOPEZ–CAVASOS,
Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellant,

v.

Joel LOPEZ–CAVASOS,
Defendant–Appellee.

Nos. 89–30022, 89–30063.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 1989.

Submission Withdrawn June 22, 1990.

Resubmitted July 13, 1990.

Decided Sept. 25, 1990.

Terry J. Lopez, Lopez & Lopez, Caldwell, Idaho, for defendant-appellant-cross-appellee.

Kim R. Lindquist, Asst. U.S. Atty., Boise, Idaho, for plaintiff-appellee-cross-appellant.

Before WALLACE and NELSON, Circuit Judges, and WILSON,* District Judge.

WALLACE, Circuit Judge:

Lopez–Cavasos appeals his sentence, following a guilty plea, for supplying false documents to an alien for use in applications for adjustment of status under the Immigration and Nationality Act, in violation of 8 U.S.C. § 1160(b)(7)(A)(ii). The government cross-appeals and argues that the fine imposed on Lopez–Cavasos is insufficient because it does not reflect, pursuant to section 5E1.2(c)(2) of the United States Sentencing Commission Guidelines (Guidelines), the amount of profit Lopez–Cavasos made from his criminal activity. The district court exercised jurisdiction pursuant to 8 U.S.C. § 1160(b)(7)(A)(ii) and 18 U.S.C. § 3231. We have jurisdiction over these timely appeals pursuant to 28 U.S.C. § 1291. We affirm.

I

Lopez–Cavasos was indicted on nine counts of supplying false documents for use in applications for adjustment of status under the Immigration and Nationality Act, in violation of 8 U.S.C. § 1160(b)(7)(A)(ii), and one count of encouraging an alien to enter the United States illegally, in violation of 8 U.S.C. § 1324(a)(1)(D). Pursuant to a plea agreement, Lopez–Cavasos pleaded guilty to one count of supplying false documentation. All of the other counts were dismissed.

Lopez–Cavasos's presentence report recommended a total offense level of eleven (11) and a criminal history category of two (II), resulting in a Guidelines imprisonment range of 10 to 16 months. The presentence report also concluded that based on the total offense level of 11, the fine range was $2,000 to $20,000 pursuant to the table in Guidelines section 5E1.2(c)(3).

Neither Lopez–Cavasos nor the government objected to the presentence report. Lopez–Cavasos also failed to object at the sentencing hearing. The government, however, argued at the sentencing hearing that pursuant to section 5E1.2(c)(2) Lopez–Cavasos should be fined in excess of the $20,000 maximum provided in the table at section 5E1.2(c)(3) because he had enjoyed significant pecuniary gains from his crime. The government offered evidence regarding Lopez–Cavasos's pecuniary gain. The district court, however, rejected the government's offer because of the government's failure to object to the presentence report. The court then sentenced Lopez–Cavasos to a 16 month period of incarceration and ordered him to pay the maximum fine within the range specified in the presentence report, $20,000. Lopez–Cavasos's appeal and the government's cross-appeal followed.

II

Lopez–Cavasos contends that the district court erred in computing his criminal history score. Lopez–Cavasos, however, failed to raise this issue in the district court: he did not object to the presentence report, and he failed to raise his objection at the sentencing hearing.

Because he failed to object in the district court, we review Lopez–Cavasos's sentence under the plain error standard. *See Unit-*

---

* Honorable Stephen V. Wilson, United States District Judge, Central District of California, sitting by designation.

ed States v. Anderson, 850 F.2d 563, 566 n. 2 (9th Cir.1988) ("Imposition of an erroneous sentence may be reviewed for plain error."); United States v. Morris, 827 F.2d 1348, 1352 (9th Cir.1987) (Morris), cert. denied, 484 U.S. 1017, 108 S.Ct. 726, 98 L.Ed.2d 675 (1988); United States v. Ebertowski, 896 F.2d 906, 907 (5th Cir.1990); United States v. Atehortua, 875 F.2d 149, 151 (7th Cir.1989); Fed.R.Crim.P. 52(b). "A plain error is 'a highly prejudicial error affecting substantial rights.'" Morris, 827 F.2d at 1350, quoting United States v. Sherman, 821 F.2d 1337, 1339 (9th Cir. 1987) (Sherman).

■ Lopez–Cavasos raises two arguments relating to his criminal history score. He first contends that the district court improperly added one criminal history point for a previous willful concealment conviction for which he was sentenced to two days in jail and ordered to pay a $50.00 fine. He asserts that pursuant to Guidelines section 4A1.2(c), this conviction should not be counted because it is "similar to" the excluded offenses listed at section 4A1.2(c)(1). See United States v. Martinez, 905 F.2d 251, 253–54 (9th Cir.1990) (interpreting the meaning of the phrase "similar to" in section 4A1.2(c)(2)). We need not resolve the question whether a willful concealment conviction is similar to the excluded offenses listed at section 4A1.2(c)(1), because even if we determined that it was and that one point should be subtracted from Lopez–Cavasos's criminal history score, it would not affect his sentence. The district court calculated Lopez–Cavasos's criminal history score to be three, placing him in criminal history category II. If one point were subtracted from his criminal history score, Lopez–Cavasos would still fall within criminal history category II and his guideline range would still be 10–16 months. Therefore, even if the district court had erred, it could not have been "a highly prejudicial error affecting substantial rights." Morris, 827 F.2d at 1350. We therefore reject Lopez–Cavasos's argument that counting his willful concealment conviction in his criminal history score constituted plain error.

■ Lopez–Cavasos also contends that the district court should have departed downward from the applicable Guideline range pursuant to section 4A1.3 because his criminal history category of II overrepresents the actual seriousness of his criminal history. Aside from the fact that the district judge was not requested to do so, the failure to depart downward is not an issue we review. United States v. Morales, 898 F.2d 99, 102 (9th Cir.1990) (holding that "a district court's discretionary refusal to depart downward from the sentencing guidelines" is not reviewable on appeal); United States v. Williams, 898 F.2d 1400, 1403–04 (9th Cir.1990) (same).

### III

We next address the government's contention that Lopez–Cavasos should be fined without regard to the maximum $20,000 fine range specified in the presentence report because of the significant pecuniary gains he enjoyed as a result of his crime.

Like Lopez–Cavasos, the government failed to raise this argument as an objection to the presentence report. However, unlike Lopez–Cavasos, the government did raise this contention by objecting at the sentencing hearing. This fact, nevertheless, does not immediately open the door to our inspection of the merits of the government's argument, because the district court, itself, refused to entertain that argument at the sentencing hearing due to the government's failure to object to the presentence report. Thus, before we may address the merits of the government's argument, we must first decide the narrow question whether the district court erred in rejecting the government's contention because of the government's failure to object to the presentence report.

■ The Guidelines chapter on sentencing procedures provides that "[c]ourts should adopt procedures to provide for the timely disclosure of the presentence report; the narrowing and resolution, where feasible, of issues in dispute in advance of the sentencing hearing; and the identification for the court of issues remaining in dis-

pute." United States Sentencing Commission, *Guidelines Manual*, § 6A1.2 (Nov. 1989) (U.S.S.G.); *see also id.* at § 6A1.2, comment. (backg'd) ("In order to focus the issues prior to sentencing, the parties are *required* to respond to the presentence report and to identify any issues in dispute.") (emphasis added). Adhering to the message of the Guidelines, the local rules for the United States District Court for the District of Idaho require the parties to lodge their objections to the presentence report prior to the sentencing hearing. The district court's local rule provides, in part:

(2) Not less than twenty days (20) prior to the date set for sentencing, the probation officer shall disclose the presentence investigation report to the defendant and to counsel for the defendant and the government. Within ten (10) days thereafter, counsel shall communicate to the probation officer any objections they may have as to any material information, sentencing classifications, sentencing guideline ranges, and policy statements contained in or omitted from the report.

(3) After receiving counsel's objections, the probation officer shall conduct any further investigation and make any revisions to the report that may be necessary....

(4) Prior to the date of the sentencing hearing, the probation officer shall submit the presentence report to the sentencing judge. The report shall be accompanied by an addendum setting forth any objections counsel may have made that have not been resolved....

(5) Except with regard to any objection made under subdivision (a) that has not been resolved, the report of the presentence investigation may be accepted as accurate. The court, however, for good cause shown, may allow a new objection to be raised at any time before the imposition of the sentence.

United States District Court, District of Idaho, Local Rule 3–109 (effective January 1, 1988). The import of the local rule is clear: if counsel fail to "communicate to the probation officer *any objections* they may have *as to* any material information,

sentencing classifications, *sentencing guideline ranges*, and policy statements contained in or *omitted from the report*, ... the report of the presentence investigation may be accepted as accurate." *Id.* (emphasis added). The government, therefore, was required to object to the presentencing report's omission of the full range of possible fines. When it failed to do so, the district court was entitled to accept the presentence report as accurate; and that is precisely what the district court did. Of course, the district court could have accepted the government's offer of evidence at the sentencing hearing, *see id.* ("The court, ... for good cause shown, *may* allow a new objection to be raised at any time before the imposition of the sentence.") (emphasis added), but this decision was within its discretion. *See United States v. Gray*, 876 F.2d 1411, 1414 (9th Cir.1989) (stating that "we give district courts broad discretion in interpreting, applying, and determining the requirements of their own· local rules").

■ Although the local rule plainly required the government to object to the presentence report, the government argues that its objection to the fine at the sentencing hearing should have been heard pursuant to Federal Rule of Criminal Procedure 32(c). The resolution of this issue is crucial to our decision. Federal Rule of Criminal Procedure 57 provides that a district court's local rules must not be inconsistent with the Federal Rules of Criminal Procedure. Thus, if the government is correct that the Federal Rules of Criminal Procedure require sentencing judges to hear new objections—i.e., objections to the accuracy of the presentence report not previously raised by the parties—at the sentencing hearing, the local rule is invalid.

Rule 32(c) addresses disclosure of the presentence report. The version of subsection 32(c)(3)(A) in effect at the time of Lopez–Cavasos's sentencing states in part:

At a reasonable time before imposing sentence the court shall permit the defendant and the defendant's counsel to read the report of the presentence investigation.... The court shall afford the de-

fendant and the defendant's counsel an opportunity to comment on the report and, in the discretion of the court, to introduce testimony or information relating to any alleged factual inaccuracy contained in it.

This provision, which is also made applicable to the attorney for the government in subsection 32(c)(3)(C), clearly is not inconsistent with the local rule. It merely promulgates a basic requirement that a party be afforded "an opportunity to comment on the [presentence] report." Fed.R. Crim.P. 32(c)(3)(A). It does not require that a party be afforded an opportunity to object at the sentencing hearing. Indeed, the language "[a]t a reasonable time before imposing sentence" suggests that rule 32(c)(3)(A) addresses comments at the presentence stage, prior to the sentencing hearing. That subsection 32(c)(3)(A) was recently amended to require disclosure of the presentence investigation "[a]t least ten days before imposing sentence," *see* Supreme Court Order of April 25, 1989, does not disturb our reasoning.

Although the local rule is plainly not inconsistent with rule 32(c), it is a closer question whether the local rule is consistent with Federal Rule of Criminal Procedure 32(a)(1). That rule provides in part:

> Prior to the sentencing hearing, the court shall provide the counsel for the defendant and the attorney for the Government with notice of the probation officer's determination ... of the sentencing classifications and sentencing guideline range believed to be applicable to the case. *At the sentencing hearing*, the court shall afford the counsel for the defendant and the attorney for the Government an opportunity to comment upon the probation officer's determination and on other matters relating to the appropriate sentence.

Fed.R.Crim.P. 32(a)(1) (emphasis added). Although this provision, which requires the district court to give counsel an opportunity to comment "at the sentencing hearing," could be read as in tension with the local rule which allows the district court to decline to hear any new objections to the presentence report at the sentencing hear-

ing, we conclude that the two provisions are more properly interpreted as consistent with one another.

■ The requirement of rule 32(a)(1) that the parties shall have an "opportunity to comment" at the sentencing hearing is not obviated by application of the local rule at issue here. The local rule does not eliminate the opportunity to comment at the sentencing hearing; instead, it merely places a condition on that right—namely, that a party indicate his or her objections to the presentence report prior to the sentencing hearing. Rule 32(a)(1) does not unconditionally require a district judge to entertain new objections to the accuracy of the presentence report at the sentencing hearing. Rather, rule 32(a)(1) allows district courts to adopt a procedure pursuant to which the parties have an opportunity to comment at the sentencing hearing.

We are also compelled to abide by this interpretation because, as we previously observed, the Sentencing Guidelines themselves dictate that sentencing courts adopt procedures which require objection prior to the sentencing hearing. U.S.S.G. § 6A1.2, comment. (backg'd) ("In order to focus the issues *prior to sentencing*, the parties are *required* to respond to the presentence report and to identify any issues in dispute.") (emphasis added); *id.* at § 6A1.2 ("Courts should adopt procedures to provide for the timely disclosure of the presentence report; the narrowing and resolution, where feasible, of issues in dispute *in advance of the sentencing hearing*; and the identification for the court of issues remaining in dispute.") (emphasis added). The Guidelines plainly envision a procedure whereby the parties, "in advance of the sentencing hearing," *id.* at § 6A1.2, notify the court of any disputed sentencing factors, and then the court is required to resolve those "disputed sentencing factors in accordance with Rule 32(a)(1).... " *Id.* at § 6A1.3(b).

Thus, if we were to interpret section 32(a)(1) as requiring a district court to hear new objections to the presentence report at the sentencing hearing, we would have to hold not only that the local rule is inconsist-

ent with section 32(a)(1), but also that the Sentencing Guidelines conflict with the Federal Rules of Criminal Procedure. This we are reluctant to do. It is a sound rule of statutory construction that federal statutes should be construed "so that they are consistent with each other, as by this means congressional intent can be given its fullest expression. '[W]hen two statutes are capable of coexistence, it is the duty of the courts ... to regard each as effective.'" *Get Oil Out! Inc. v. Exxon Corp.*, 586 F.2d 726, 729 (9th Cir.1978), *quoting Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 155, 96 S.Ct. 1989, 1993, 48 L.Ed.2d 540 (1976); *see also California v. Kleppe*, 604 F.2d 1187, 1194 (9th Cir.1979). Consequently, our interpretation of section 32(a)(1) is also warranted because it avoids creating conflict between the Sentencing Guidelines and the Federal Rules of Criminal Procedure.

Our reading of rule 32(a)(1) also gives purpose to subsection 32(c)(3)(A)'s otherwise superfluous requirement that the court afford the parties a chance to comment on the presentence report after its disclosure at the presentence stage. *See* Fed.R.Crim.P. 32(c)(3)(A). Moreover, in doing so, our reading comports with the well-established rule of statutory construction that a statute should be interpreted so as not to render one part inoperative. *See, e.g., Alaska Fish & Wildlife Federation v. Dunkle*, 829 F.2d 933, 943 (9th Cir.1987), *cert. denied*, 485 U.S. 988, 108 S.Ct. 1290, 99 L.Ed.2d 501 (1988); *Crandon v. United States*, —— U.S. ——, 110 S.Ct. 997, 1008, 108 L.Ed.2d 132 (1990) (Scalia, J., concurring) ("[E]ach word in a statute should, if possible, be given effect. An interpretation that needlessly renders some words superfluous is suspect.").

Finally, although certainly not dispositive, we also find persuasive the fact that the District of Idaho's local rule does not stand alone in its interpretation of the procedures required by the Sentencing Guidelines and the Federal Rules of Criminal Procedure. *See, e.g.,* Local Rules of the Central District of California, General Order No. 295 at 1.5 ("Absent unresolved objections by the parties the court may accept the presentence investigation report as accurate."); Local Rules of the United States District Court for the Southern District of California, Rule 430–4 ("Objections [to the probation report] should not include arguments for aggravation, leniency or departures unless based on errors in the probation report. *Matters other than objections* should be addressed in the sentencing memoranda or orally at the time of the sentencing hearing.") (emphasis added).

Thus, we conclude that rule 32(a)(1) does not unconditionally require the district court to entertain objections to the accuracy of the presentence report not previously raised by the parties. We hold that local rule 3–109 is not inconsistent with the Federal Rules of Criminal Procedure and was properly applied in this case.

Because the district court properly refused to hear the government's objection, we treat that objection as if it were not raised in the district court, review it for plain error, and determine whether it "is 'a highly prejudicial error affecting substantial rights.'" *Morris*, 827 F.2d at 1350, *quoting Sherman*, 821 F.2d at 1339.

■ The government contends that the district court should have imposed a fine on Lopez–Cavasos of greater than the $20,000 maximum provided in the table at section 5E1.2(c)(3) because Lopez–Cavasos enjoyed significant pecuniary gains as a result of his crime. The government persuasively argues that a court may impose a fine greater than the maximum fine specified in the fine table in section 5E1.2(c)(3). Section 5E1.2(c)(2) provides explicitly that except in certain circumstances not relevant in this case, "the maximum of the fine range is the greater of: (A) [the maximum amount shown in the fine table]; (B) twice the gross pecuniary loss caused by the offense; or (C) three times the gross pecuniary gain to all participants in the offense." U.S.S.G. § 5E1.2(c)(2). Therefore, the conclusion of the presentence report that "[t]he fine range for a level 11 offense is $2,000 to $20,000" was not completely accurate. It may be that the district court had discretion to impose more than a $20,-

000 fine on Lopez–Cavasos. However, even if the district court had discretion to impose a greater fine on Lopez–Cavasos, the failure to exercise that discretion did not constitute plain error. The district court's imposition of a fine within the range allowed by the Guidelines, *see* U.S. S.G. § 5E1.2(c)(1) (specifying minimum fine range), was not highly prejudicial error affecting substantial rights.

AFFIRMED.