952 F.2d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Hipolito GARCIA, Jr., Defendant-Appellee.
 No. 90-30363.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1991.
Decided Jan. 6, 1992.
 
 Before WALLACE, Chief Judge, and GOODWIN and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Hipolito Garcia, Jr., pled guilty on May 7, 1990, to one count of possession of an unregistered sawed-off shotgun in violation of 26 U.S.C. §§ 5845, 5861(d) and 5871. The sentence range specified by the Sentencing Guidelines for Garcia's crime was between 21 and 27 months. The government appeals the district court's downward departure to a six-month sentence as unwarranted under the guidelines. We affirm the sentence.
 
 
 3
 Garcia has served his sentence and asks us to dismiss the appeal as moot. This appeal is not moot. Garcia could be resentenced and sent back to prison if we were to vacate the district court's decision. Thus, this court is in a position to provide "effective relief in the event that it decides the matter in [the government's] favor."[1] Garcia v. Lawn, 805 F.2d 1400, 1402 (9th Cir.1986); United States v. Lira-Barraza, 941 F.2d 745, 746 n. 1 (9th Cir.1991) (en banc) (holding that an appeal is not moot when the defendant's sentence may be directly affected by the court's decision); see also Eagles v. Samuels, 329 U.S. 304, 306-08 (1946) (holding that although the prisoner had been released, the government's habeas appeal was not moot because "[r]eversal undoes what the habeas corpus court did and makes lawful a resumption of the custody").
 
 
 4
 We have jurisdiction under 18 U.S.C. §§ 3557 and 3742 to review sentences challenged by the government as nonconforming to the Sentencing Guidelines. The guidelines are mandatory within the ranges provided unless the court finds aggravating or mitigating circumstances "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b).
 
 
 5
 At the time of the offense Garcia was 18 years old. He had a criminal history category of I, a job, and a supportive family. The guidelines specify a base offense level of 16 for Garcia's crime. See United States Sentencing Commission, Guidelines Manual § 2K2.1(a) (1989) ("U.S.S.G."). The district court took into consideration Garcia's youth, naivete, and "extensive family support network" in deciding to depart from the guideline range. The court justified its downward departure on the basis of (1) its determination that Garcia's youth at the time of the offense was compounded by his "naivete" and the fact that he was "easily led astray"; and (2) its finding that Garcia's family afforded him an "unusual support system." The government argues that these factors are included in the guidelines calculation and contends that the district court did not have the legal authority to depart. Appellant's brief at 11-12.
 
 
 6
 Ordinarily, we review de novo whether the district court had the legal authority to depart, and we review for clear error the factual findings upon which the court based its decision to depart. See Lira-Barraza, 941 F.2d at 746-47. A review of the record, however, indicates that the government made no clear objection below to the district court's authority to depart.[2] The relevant portion of the colloquy between the court and the government at the sentencing hearing was as follows:
 
 
 7
 THE COURT: Does it warrant departure?
 
 
 8
 MR. BAUMAN: I'd like to leave that to the judge. You know, it's tough for me to say, "Are you saying you legally depart or are you saying--
 
 
 9
 THE COURT: No. I'm saying do you feel this is an appropriate case to consider departure?
 
 
 10
 MR. BAUMAN: Yes. As long--but not departure to the degree the defendant is requesting, nor do I acquiesce that you might legally be entitled to. That's for you to decide.
 
 
 11
 Excerpt of Record at 51. These statements by the government did not put the district court clearly on notice of the government's objection to the court's authority to depart. The government's statements merely indicated an unwillingness to address the legality of the departure. Because the government failed to clearly raise the issue and provide the district court with an adequate opportunity to address the government's arguments, we review the issue only for plain error. See United States v. Lopez-Cavalos, 915 F.2d 474, 475 (9th Cir.1990).
 
 
 12
 We do not find that the district court's decision to depart constituted plain error. Although U.S.S.G. §§ 5H1.1 and 5H1.6 provide that a defendant's age and family ties "are not ordinarily relevant" in determining whether a sentence outside the guidelines should be imposed, the guidelines do authorize downward departures on the basis of these characteristics in extraordinary cases. See United States v. Mondello, 927 F.2d 1463, 1470 (9th Cir.1991).
 
 
 13
 In concluding that Garcia's family ties were unusually supportive, the district court emphasized the commitment of Garcia's family--particularly his parents--to shielding him from gang-related influences. The presentence investigator found that Garcia had associated with gang members in Woodburn, Oregon. At the sentencing hearing, Garcia's father, a minister of the House of Zion Christian Fellowship, testified that he tried to protect Garcia from gang influences by ordering gang members to leave whenever they came to the Garcia family's home in Woodburn. In addition, Garcia's parents arranged for Garcia to live in a house they own in Portland, where he would live near relatives and would be removed from the influence of the Woodburn gangs. Garcia maintained close contact with his parents and had no contact with gang members while living in Portland. On these facts, the district court concluded that Garcia's family support network gave him an unusually good chance of making a life for himself that did not involve criminal activity or association with gang members.
 
 
 14
 The district court did not commit plain error in holding that Garcia's youth, naivete and supportive family ties were exceptional and in departing to a sentence of six months on that basis.
 
 AFFIRMED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Vacating and remanding would require us also to determine whether Garcia has acquired a reasonable expectation of finality in his sentence such that resentencing him would violate the Double Jeopardy Clause. Because we affirm the district court's sentence, we do not reach the double jeopardy issue
 
 
 [2]
 The district court made clear that the government could object to a departure without violating its plea agreement with Garcia, which required the government to recommend a sentence at the low end of guideline range. Excerpt of Record at 48