956 F.2d 275
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Herbert H. DINWIDDIE, Defendant-Appellant.
 No. 91-10140.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 8, 1991.*
Decided Feb. 28, 1992.
 
 Before POOLE, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Defendant-appellant Herbert H. Dinwiddie appeals from a twenty-four month sentence imposed following his guilty plea to one count of willful evasion of taxes in violation of 26 U.S.C. § 7201. Appellant argues on appeal that the prosecutor engaged in misconduct at his sentencing hearing by referring to Dinwiddie's tax protestor activities in a sentencing memorandum, and by making reference to facts not in the record concerning Dinwiddie's uncharged violations of federal tax law.
 
 
 3
 On April 12, 1990, a federal grand jury returned a five count indictment, charging Dinwiddie with willful evasion of taxes for each of the calendar years from 1983 to 1987. Pursuant to a plea agreement, Dinwiddie withdrew a previous plea of not guilty, and pleaded guilty to Count Four of the indictment, charging him with tax evasion during 1986. In the plea agreement, Dinwiddie also stipulated to facts which supported the plea of guilty. Those facts included, inter alia, that during the years from 1981 to 1987, Dinwiddie incurred a tax liability of some $199,000 which he wilfully evaded. At his change of plea hearing, conducted on November 8, 1990, Dinwiddie acknowledged that those facts were accurate.
 
 
 4
 The government's Sentencing Memorandum, filed with the trial court on February 1, 1990, included the following comment:
 
 
 5
 The defendant has made stock tax protester remarks to his colleagues. He has urged co-workers not to pay their taxes because the Internal Revenue Code contradicts his own interpretation of the United States Constitution.
 
 
 6
 Appellant made no objections to this statement, or any other statement contained in the government's Sentencing Memorandum.
 
 
 7
 A sentencing hearing was held on February 20, 1991. The government, in its comments, made reference to appellant's tax liability during the years from 1980 through 1987. Appellant did not object to these statements.
 
 
 8
 On February 22, 1991, the court sentenced appellant to the custody of the Attorney General for a term of two years. This appeal was timely filed. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We now affirm.
 
 DISCUSSION
 
 9
 Because Dinwiddie failed to object to the prosecutor's comments or memorandum before the trial court, this court will review them for misconduct under the "plain error" standard. Fed.R.Crim.P. 52(b); United States v. Birges, 723 F.2d 666, 672 (9th Cir.), cert. denied, 466 U.S. 943 (1984). In evaluating allegations of prosecutorial misconduct, we must first consider whether the statements complained of were in fact improper. United States v. Polizzi, 801 F.2d 1543, 1558 (9th Cir.1986). We find that they were not.
 
 
 10
 Dinwiddie was sentenced under the pre-Sentencing Guidelines regime. Under that system, the sentencing court was free to consider "any and all information about a defendant's background and relevant conduct without a requirement that the information meet any particular standard of proof." United States v. Restrepo, 946 F.2d 654, 655 (9th Cir.1991) (en banc) (citing McMillan v. Pennsylvania, 477 U.S. 79, 91 (1986)). It follows that it is not prosecutorial misconduct to call such information to the court's attention so long as the material is not "false and unreliable." United States v. Caperell, 938 F.2d 975, 980 (9th Cir.1991).
 
 
 11
 Dinwiddie first objects that there is no evidence in the record supporting the allegation in the Government's Sentencing Memorandum that he had urged his co-workers to not pay their taxes. Appellant complains that the government was attempting to label him a "tax protestor," thereby seeking to impose heavier punishment on him in violation of his exercise of First Amendment rights. Dinwiddie, however, far from contesting the truthfulness of the government's allegations, himself affirmed at the sentencing hearing that he had been a tax protestor.[1]
 
 
 12
 Appellant next contends that the prosecutor engaged in misconduct by referring at the sentencing hearing to Dinwiddie's tax liability for the years 1980 and 1981 since there was no evidence in the record concerning that liability. In the plea agreement and at the change of plea hearing, however, Appellant had himself confirmed the accuracy of the governments allegations concerning his tax liability for the years of 1981 through 1987. Thus the only liability not established in the record by the appellant himself was that for the calendar year of 1980.[2] Even assuming that the government's allegation concerning 1980 was inaccurate, and that reference to facts outside the record ought not be made, we cannot say, in light of the relatively small variance between the defendant's admissions and the government's allegations, that this constituted "highly prejudicial error affecting substantial rights."[3] United States v. Lopez-Cavasos, 915 F.2d 474, 476 (9th Cir.1990).
 
 
 13
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant's counsel stated while speaking in mitigation that Dinwiddie was a "tax protestor" at the time of his commission of the offenses for which he was charged. Dinwiddie himself likewise admitted that he had "been participating in the areas as my [sic] tax protesting."
 
 
 [2]
 Dinwiddie admitted that from 1981 to 1987 he had received some $549,000 in taxable income, and had incurred some $199,000 in tax liabilities. He complains, however, that the government committed error by charging that the defendant, from 1980 to 1987, had received $627,000 in taxable income, and had cost the government $229,703 through his violation of the tax laws. He has not, however, alleged that this statement by the prosecutor was false
 
 
 [3]
 The court, in sentencing defendant, made note of the fact the defendant "over years through a calculated plan of evasion has cost the Government hundreds of thousands of dollars." This observation is accurate even under the facts as admitted by the defendant, and it is unlikely that the government's allegation concerning an additional $30,000 changed the court's analysis in any significant degree