962 F.2d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eloy VILLALOBOS, Defendant-Appellant.
 No. 91-50555.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1992.*
Decided May 7, 1992.
 
 Before ALARCON, WILLIAM A. NORRIS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eloy Villalobos was convicted of illegal reentry after deportation in violation of 8 U.S.C. § 1326. The Presentence Report calculated defendant's base offense level to be 10 and his criminal history to be VI. At sentencing, defendant did not object to these computations. Nor did he move for a downward departure on the ground that his criminal history category overrepresented his criminal history.
 
 
 3
 The district court adopted the Presentence Report's computations of the base offense level and the criminal history category. Because the Presentence Report yielded a presumptively applicable sentencing range in excess of the statutory maximum for the offense of conviction, the district court sentenced the defendant to the statutory maximum of 24 months.
 
 
 4
 On appeal, the defendant argues that his criminal history category overrepresents his criminality. He contends that Category III reflects his criminality more accurately than Category VI.
 
 
 5
 It is undisputed that the correct application of the Guidelines points to Category VI. Defendant's argument must be construed, therefore, as a belated attempt to move for a downward departure on the basis of criminal history overrepresentation.
 
 
 6
 Because defendant failed to raise this argument below, we deem it waived. See United States v. Lopez-Cavasos, 915 F.2d 474, 476 (9th Cir.1990). In any case, the district court's "failure to depart downward is not an issue we review." Id. To obtain relief in the form of a remand, a defendant has to show that the district court did not depart down because it erroneously thought it did not have the discretion to do so. United States v. Williams, 898 F.2d 1400, 1403 (9th Cir.1990). Having failed to move for a departure below, the defendant has forfeited his opportunity to make this showing. The district court has no affirmative duty to list all permissible bases for departure before announcing that it will not exercise its discretion.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3