972 F.2d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Michael KWASNY, Defendant-Appellant.
 No. 91-50507.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1992.*
Decided July 17, 1992.
 
 Before FARRIS, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Kwasny appeals the sentence he received after pleading guilty to one count of misdemeanor destruction of government property under 18 U.S.C. section 1361. We have jurisdiction pursuant to 28 U.S.C. section 1291 and affirm.
 
 
 3
 We first address the possibility that this case is moot. Although neither party raises this issue, we are obligated to resolve the question of our own jurisdiction to consider issues presented on appeal. See United States v. Morales, 898 F.2d 99, 101 (9th Cir.1990). Kwasny appeals only his sentence and not the underlying conviction. However, due to the failure of Kwasny's attorney to expedite this appeal, Kwasny has already served his full term of imprisonment.[1]
 
 
 4
 Nevertheless, we find that this case is not moot. Kwasny is still serving a one-year term of supervised release that began to run upon his release from imprisonment. If we agreed with Kwasny's arguments and he received a lesser sentence, the beginning date for this term of supervised release would have to be moved back to the date Kwasny should have been released from prison. Thus, Kwasny would be entitled to an earlier release date from his term of supervised release if we agreed with his arguments. Because our decision could affect Kwasny's term of supervised release, this case is not moot. See United States v. Lira-Barraza, 941 F.2d 745, 746 n. 1 (9th Cir.1991).
 
 
 5
 Kwasny argues that his sentence violates due process because it is based on information that was not included in the count of conviction. This argument is without merit. This court has approved the use of relevant conduct not included in the count of conviction for purposes of sentencing, as the guidelines require. See United States v. Restrepo, 903 F.2d 648, 653 (9th Cir.1990), aff'd en banc, 946 F.2d 654 (9th Cir.1991); United States v. Turner, 898 F.2d 705, 710-11 (9th Cir.1990).
 
 
 6
 We also reject Kwasny's argument that the district court's finding that Kwasny did not accept responsibility under U.S.S.G. section 3E1.1 was clearly erroneous. See United States v. Gonzalez, 897 F.2d 1018, 1019-20 (9th Cir.1990). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, comment (n. 5). Although Kwasny did plead guilty and admitted his acts, he refused to speak with the probation officer about the crime and did not unequivocally accept personal responsibility for his criminal acts. Kwasny has failed to demonstrate that the district court's finding was clearly erroneous.
 
 
 7
 Kwasny's final argument is that his criminal history category under the Sentencing Guidelines should have been III instead of V. Although this argument may have some merit, we decline to address it because any miscalculation of his criminal history did not affect his sentence. United States v. Lopez-Cavasos, 915 F.2d 474, 476 (9th Cir.1990). Because the misdemeanor destruction of government property under 18 U.S.C. section 1361 carries a maximum custodial sentence of one year in prison, Kwasny received a 12-month sentence even though the Sentencing Guideline range under a criminal history category of V was 24-30 months. If his criminal history category had been III, the Guideline range would be reduced to 12-18 months, but Kwasny's sentence still would be 12 months. Therefore, even if the district court did err in calculating Kwasny's criminal history category, Kwasny suffered no prejudice from such an error. See United States v. Rodriguez-Razo, No. 91-50147, slip op. 5193, 5196 (9th Cir. May 6, 1992) (an error is harmless and remand is not required if the error does not affect the sentence imposed).
 
 
 8
 For the foregoing reason, the sentence imposed by the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Kwasny was sentenced to a term of imprisonment of one year and remanded to custody on June 4, 1991. His Bureau of Prisons release date was March 1, 1992