974 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio MARIN-COLON, Defendant-Appellant.
 No. 91-50494.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1992.
Decided Aug. 28, 1992.
 
 1
 Before CANBY, REINHARDT and DAVID R. THOMPSON, Circuit Judges
 
 ORDER
 
 2
 The petition of appellant Marin Colon for rehearing is GRANTED. The memorandum filed by this court in this case on June 2, 1992 is withdrawn and the decision is vacated. The attached memorandum disposition is ordered to be filed in its place.
 
 
 3
 MEMORANDUM*
 
 
 4
 Antonio Marin-Colon appeals the district court's imposition of a forty-eight month sentence for the transportation of illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(b). We vacate the sentence and remand for resentencing.
 
 DISCUSSION
 Departure from the Guidelines
 
 5
 We require district courts to follow three steps before departing from the sentence required by the Guidelines. First, the district court must determine whether there existed an "aggravating circumstance of a kind or to a degree the Commission did not adequately take into account when formulating the Guidelines." United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc). If the Commission did not adequately consider the circumstance, the district court had legal authority to depart "so long as the circumstance is consistent with the sentencing factors prescribed by Congress in 18 U.S.C. § 3553(a), with the Guidelines, and, of course, with the Constitution." Id. This court reviews de novo the district court's legal authority to depart. Id.
 
 
 6
 Second, the district court must find facts supporting the existence of the circumstance. Id. at 746-47. This court reviews those factual findings for clear error. Id. at 747; 18 U.S.C. § 3742(e). Third, the district court may depart only to a "reasonable" extent. See Lira-Barraza, 941 F.2d at 747-51; 18 U.S.C. §§ 3742(e)(3), 3742(f)(2). More precisely, the district court must provide "a reasoned explanation of the extent of the departure founded on the structure, standards and policies of the Act and Guidelines." Lira-Barraza, 941 F.2d at 751; see also United States v. Durham, 941 F.2d 858, 861-62 (9th Cir.1991). This court reviews the "reasonableness" of the district court's departure for an abuse of discretion. United States v. Takai, 941 F.2d 738, 742 (9th Cir.1991).
 
 1. Legal Basis for Departure
 
 7
 Marin-Colon asserts that the Sentencing Commission rejected a proposed 1990 amendment to U.S.S.G. § 2L1.1 that would have permitted a two-level increase for violations of 8 U.S.C. § 1324(a) involving large groups of aliens. Marin-Colon argues that the rejection of the proposed amendment implied that the Commission disapproved of departures on these grounds.[1] This argument is meritless. Comment 8 to U.S.S.G. § 2L1.1 states: "[t]he Commission has not considered offenses involving large numbers of aliens or dangerous or inhumane treatment. An upward departure should be considered in those circumstances." (Emphasis added). We conclude that comment 8 provided the district court with adequate legal authority to depart on the ground that Marin-Colon transported a large number of aliens.
 
 2. Factual Finding
 
 8
 Marin-Colon argues that the district court based the upward departure, in part, on an erroneous factual finding that Marin-Colon endangered the public safety.[2] The district court concluded that Marin-Colon endangered the motoring public's safety by leading the group of illegal aliens across an interstate freeway late at night. Marin-Colon does not attack the accuracy of the district court's factual finding; instead, he merely advances a different interpretation of the facts. Accordingly, we conclude that Marin-Colon has not satisfied his burden of demonstrating that the district court's finding was clearly erroneous.
 
 3. Reasonableness
 
 9
 Marin-Colon argues that the extent of the district court's departure was not "reasonable" because it was inconsistent with sentences required by the Guidelines for factually analogous offenses. We disagree. The district court considered but rejected an analogy to involuntary manslaughter, with a three-year maximum, as insufficient in light of the fact that seven children and three adults were led across a dangerous freeway at night. The court believed that a sentence more severe than that for manslaughter was justified because many more people were endangered than the one child who was killed. To impose a 48-month sentence in light of those facts was not unreasonable, and the court's explanation for its measured increase over the maximum sentence for involuntary manslaughter was sufficiently "founded on the structure, standards and policies of the Act and Guidelines." Lira-Barraza, 941 F.2d at 751. The district court did not abuse its discretion.
 
 Method of Calculating of the Sentence
 
 10
 Marin-Colon argues that the district court calculated his sentence by considering the factors listed in U.S.S.G. § 1B1.1 in the incorrect order. The resulting base offense level, he asserts, was one level higher than it would have been had the district court calculated the sentence correctly. The government properly points out, however, that Marin-Colon failed to object below to the district court's method of calculating his sentence. In fact, after the district court calculated the sentence, the court invited Marin-Colon's counsel to object and counsel offered no objection.[3] Marin-Colon has not established that the district court committed plain error, United States v. Lopez-Cavasos, 915 F.2d 474, 475 (9th Cir.1990), nor has he demonstrated that this case fits into one of the three exceptions to the general rule that issues may not be raised for the first time on appeal. See United States v. Carlson, 900 F.2d 1346, 1349-50 (9th Cir.1990). Because Marin-Colon did not raise this issue in the district court, we decline to reach the merits of Marin-Colon's objections and deem this issue waived. United States v. Mondello, 927 F.2d 1463, 1468 (9th Cir.1991); United States v. Visman, 919 F.2d 1390, 1393-94 (9th Cir.1990), cert. denied, 112 S.Ct. 442 (1991).
 
 Related Cases
 
 11
 This court reviews de novo whether two cases are "related" for purposes of U.S.S.G. § 4A1.2(a)(2). United States v. Davis 922 F.2d 1385, 1388 (9th Cir.1991).
 
 
 12
 Marin-Colon argues that the district court erred by concluding that two prior arrests for driving under the influence ("DUI") were "unrelated" under U.S.S.G. § 4A1.2(a)(2). Marin-Colon contends that the two charges were "consolidated for sentencing" and, therefore, should have been treated as related offenses. Comment 3 to U.S.S.G. § 4A1.2 stated, at the time of Marin-Colon's sentencing: "Cases are considered related if they (1) occurred on a single occasion, (2) were part of a single, common scheme or plan, or (3) were consolidated for trial or sentencing." The district court adopted a section of the government's Sentencing Memorandum that stated:
 
 
 13
 although defendant was sentenced for two drunk driving cases on the same date, the two instances of drunk driving occurred on different dates, they involved different times when defendant drank too much, they retained separate case numbers and were never formally consolidated for sentencing.
 
 
 14
 Transcript of Sentencing at 9 (emphasis added).
 
 
 15
 Our recent amended decision in United States v. Bachiero, No. 90-50685, slip op. 9267 (9th Cir. Aug. 4, 1992), decided after Marin-Colon was sentenced, undermines the district court's reasoning. In Bachiero, the defendant had been sentenced for separate crimes by the same court on the same day; identical concurrent sentences were imposed. We held that the cases were required to be treated as "related" under the guidelines despite the lack of any formal order of consolidation.[4] Id. at 9270-71 (citing United States v. Chapnick, 963 F.2d 224, 228-29 (9th Cir.1992)).
 
 
 16
 We conclude that Bachiero controls this case. The only distinction between Bachiero and the present case is that Bachiero received identical concurrent sentences, while Marin-Colon received sentences that were wholly concurrent but not identical. That distinction is clearly insufficient to require a different result; the sentencing judge, in imposing concurrent sentences for the two prior offenses, treated those offenses as "related" in the same fashion as did the prior sentencing judge in Bachiero. Accordingly, we conclude that the district court erred in treating Marin-Colon's two convictions for driving under the influence as "unrelated" for purposes of calculating criminal history.
 
 
 17
 The question then arises whether the error was harmless, in light of the district court's upward departure to forty-eight months imprisonment. We conclude that the error cannot be viewed as harmless, because the criminal history affected the guideline range from which the district court departed upward. We are unable to say that, had the district court known that the range was lower, it would not have decreased its upward departure accordingly. We note that the district court, after announcing that it would depart upward to 48 months, nevertheless carefully went through the guideline calculations, ruling on objections (including that dealing with the "related offenses"), and stated that those rulings could be appealed. We accordingly remand this case for resentencing.
 
 
 18
 Committing the Offense "For Profit"
 
 
 19
 We review the district court's factual findings for clear error. 18 U.S.C. § 3724(e); United States v. Howard, 894 F.2d 1085, 1087 (9th Cir.1990).
 
 
 20
 Marin-Colon argues that the district court failed to make two factual findings that he asserts are relevant to the question of whether he violated section 1324 "for profit."[5] Marin-Colon conceded that he originally agreed to transport illegal aliens for profit. Marin-Colon asserts, however, that the district court did not consider "1) whether Mr. Marin had actually lost money and 2) whether he was, at the time he withdrew from the offense, still committing it for profit." He now argues that the district court was obligated under Fed.R.Crim.P. 32(c)(3)(D) to resolve this factual dispute.
 
 
 21
 The district court found that Marin-Colon committed the offense for profit and concluded that section 2L1.1(b)(1) did not apply. Contrary to Marin-Colon's suggestion, the district court considered Marin-Colon's claims that he did not commit the offense for profit and found, in spite of those arguments, that he had committed the offense for profit. See generally Howard, 894 F.2d at 1090 (burden in the district court was on Marin-Colon). This finding satisfies the requirements of Rule 32(c). Given Marin-Colon's concession, we conclude that he has not demonstrated that the district court's finding was clearly erroneous.
 
 CONCLUSION
 
 22
 We find no error in any of the sentencing court's determinations except for that concerning the "related offenses" of driving under the influence. Having concluded that those offenses must be treated as "related," and that this change could lead to a different level of departure, we remand for resentencing.
 
 SENTENCE VACATED; REMANDED FOR RESENTENCING
 DAVID R. THOMPSON, Circuit Judge, dissenting:
 
 23
 I respectfully dissent from the majority's holding that Marin-Colon's two DUI offenses should have been treated by the district court as "related" offenses. Marin-Colon was placed on thirty days summary probation for each offense. But he was sentenced to two days in jail and fined $390 on the first offense and sentenced to thirty days in jail and fined $390 on the second offense. Imposition of the two sentences was apparently suspended while Marin-Colon was on probation.
 
 
 24
 By giving Marin-Colon different sentences on each DUI conviction, the sentencing court did not treat the two offenses as one for the purpose of sentencing. Cf. United States v. Bachiero, No. 90-50685, slip op. 9267, 9270-71 (9th Cir. Aug. 4, 1992); United States v. Chapnick, 963 F.2d 224, 228-29 (9th Cir.1992). Accordingly, I would affirm the district court's decision to treat the two offenses as unrelated under Comment 3 to U.S.S.G. § 4A1.2 as it existed at the time the district court sentenced Marin-Colon.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Marin-Colon does not contest the propriety of departing for two of the other three reasons advanced by the district court: (1) a death resulted, U.S.S.G. § 5K2.1; and (2) Marin-Colon used fictitious names, United States v. Rodriguez-Castro, 908 F.2d 438, 442 (9th Cir.1990). Marin-Colon contests the remaining ground for departure--endangering the public safety and welfare--only on factual, rather than legal, grounds. See U.S.S.G. § 5K2.14; see also infra discussion in next section. Thus, Marin-Colon concedes that some legal authority to depart existed
 
 
 [2]
 Marin-Colon does not contest the district court's other factual findings in support of the departure
 
 
 [3]
 The district court asked: "I believe those are all the objections; is that correct?" Marin-Colon's counsel responded: "That's correct, in terms of the calculation of the actual guidelines." Id
 
 
 [4]
 We note that under the current version of Comment 3 to Guideline § 4A1.2, the two offenses would have to be treated as unrelated because "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest."
 
 
 [5]
 Whether Marin-Colon committed the offense for profit is relevant to his sentencing because defendants who violate section 1324 "other than for profit" are entitled to a three-level decrease in the base offense level. U.S.S.G. § 2L1.1(b)(1)