985 F.2d 577
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey WAUGH, Defendant-Appellant.
 Nos. 91-10472, 92-10473.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1992.*
Decided Feb. 4, 1993.
 
 1
 Before O'SCANNLAIN and RYMER, Circuit Judges, and VAN SICKLE,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Waugh appeals his sentence following a plea of guilty to a number of counts of credit card and bank fraud, and one count of contempt of court. The district court sentenced Waugh to 78 months in prison under the guidelines effective November 1989, fined him $25,000, and ordered him to pay $392,389 in restitution jointly and severally with co-defendants. We reverse and remand for resentencing because the district court calculated Waugh's offense level pursuant to U.S.S.G. § 271.1 (1989) based on the full amount of a fraudulent loan instead of the bank's actual loss, but we affirm with respect to each of the other points Waugh raises on appeal.
 
 
 4
 * The PSR calculated the total amount of fraud committed by the Waugh organization as $884,000. This includes a $314,250 loan Waugh and co-conspirator Chan received by providing false information on a loan application. Before they were arrested, Waugh and Chan sold the house and paid off the mortgage. The bank suffered no loss.
 
 
 5
 Waugh argues that the district court erred in including the entire proceeds of the fraudulently obtained loan because there was no loss to the victim under U.S.S.G. § 2F1.1. The government contends that the guidelines allow the judge to calculate the offense level by the probable or intended loss, which may be greater than actual loss. U.S.S.G. § 2F1.1, comment. (n.7) (1989). It further urges that in keeping with the commentary to § 2F1.1, Waugh's misrepresentation was not of limited materiality, but was rather made to obtain a loan he would not have received if he had told the truth. Id., comment. (n.10) (1989). In so doing, the argument goes, he placed the bank at risk in unacceptable ways.
 
 
 6
 We do not disagree that under the 1989 guidelines, the offense level for funds fraudulently obtained may be measured by probable or intended loss, see, e.g., United States v. Wills, 881 F.2d 823, 827 (9th Cir.1989) (all money appropriated through credit card fraud included in total loss, even though some was recovered because the defendant did not intend to return any of it), but only if the defendant had no intent to return the money, and if the probable or intended loss were greater than the actual loss.[1] In this case, the government presented no evidence that probable or intended loss differs from actual loss, and the district court made no findings that Waugh intended the bank to lose money on the transaction. Absent such evidence, the "loss" should be calculated as actual loss.
 
 
 7
 The government's remaining arguments focus on the quality of Waugh's representations and on the magnitude of the fraud. These factors, however, bear on whether a departure is warranted, not on calculation of the offense level.
 
 
 8
 We therefore hold that the district court erred by equating the "loss" with the full amount of the loan. Instead, under the 1989 version of § 2F1.1, the proper measure is actual loss unless the defendant intended to cause a greater loss.
 
 II
 
 9
 Waugh argues that applying the fraud loss table in the November 1989 version of the Guidelines runs afoul of the Ex Post Facto Clause because that version increases his penalty and he was charged almost entirely with crimes occurring prior to November 1989.
 
 
 10
 Waugh pleaded guilty to three counts that charge criminal conduct after November 1989, in addition to the contempt count[2]: unauthorized use of access devices (Count II), possession of unauthorized access devices (Count III), and conspiracy to commit bank and credit card fraud (Count X). The remaining counts allege conduct completed before November 1989. The district court sentenced Waugh based on the total amount of fraud loss for all counts, which amounted to $884,039, utilizing the fraud loss table in effect November 1989. The 1988 table provided that a defendant would receive an additional eight points for $500,001 to $1 million in fraud loss. U.S.S.G. § 2F1.1 (1988). The November 1989 table raised the offense levels for each fraud amount range, and raised the penalty in the upper part of the range by providing eleven additional points for more than $800,000 but less than $1.5 million in fraud loss. U.S.S.G. § 2F1.1 (1989). Application of the 1989 table thus increases Waugh's offense level two levels.
 
 
 11
 The Ex Post Facto Clause allows sentencing under an amended guideline when the defendant's offense was "continuing" and not completed until after the effective date. United States v. Castro, 972 F.2d 1107, 1112 (9th Cir.1992); United States v. Calabrese, 825 F.2d 1342, 1346 (9th Cir.1987). Conspiracy is a "continuing offense." Castro, 972 F.2d at 1112. Waugh concedes that criminal conduct occurred after as well as before November 1989. Given continuous criminal activity from September 1988 through August, 1990, we see no constitutional error in sentencing under the 1989 guidelines.
 
 III
 
 12
 Waugh argues that the district court erred by considering conduct carried out independently by other persons, which he could not control or foresee and did not know took place; that the government did not show by a preponderance of the evidence which acts were part of the conspiracy; and that the statements of Waugh's co-conspirators were relied on without Waugh having the opportunity for confrontation. Waugh had the opportunity to request an evidentiary hearing with respect to any challenged factual issue in sentencing, but declined to do so. In any event, we see no basis in the record for relieving Waugh of responsibility for conduct undertaken pursuant to a conspiracy, whether he was personally involved or not.
 
 IV
 
 13
 Waugh argues that the district court erred in finding that he was an organizer or leader of criminal activity, thereby increasing his offense level four points under U.S.S.G. § 3B1.1(a). Waugh insists that his offense level should have been increased only two levels under § 3B1.1(c) (organizer, leader, manager, or supervisor of less than five participants and in activity that is not otherwise extensive), because co-defendant Chan was equally involved in leadership of the criminal activity and there was insufficient evidence of how many people Waugh led or organized.
 
 
 14
 There was evidence that David Archer, Tiffany Valentine, Deborah King, Michael Lim, Maria Ibanez, and Geraldine Langaman were involved in the activity led by Waugh. Section 3B1.1(a) does not require that the defendant be the sole organizer or leader to receive an enhancement under § 3B1.1(a), so that even if Chan's leadership role were similar to Waugh's, a § 3B1.1(a) enhancement for Waugh would not be precluded. The district court, therefore, did not clearly clear err. United States v. Smith, 924 F.2d 889, 895 (9th Cir.1991).
 
 V
 
 15
 Waugh argues that he should have received a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 because he pleaded guilty to all counts early on, discussed the matter with a probation officer throughout, and did what he could for restitution, including selling the Army Street property to pay off the fraudulent loan. Waugh also asserts that the district court's decision is a penalty for his refusing to accept responsibility for being the sole leader of all defendants.
 
 
 16
 We find no clear error. United States v. Marquardt, 949 F.2d 283, 286 (9th Cir.1991). Waugh threatened and attempted to influence persons furnishing the government with information about his crimes and committed credit card fraud while awaiting sentencing in another case.
 
 
 17
 Waugh also argues that denial of a reduction for acceptance of responsibility was a penalty for the credit card fraud activities described in the contempt charge, which should have not have been factored into acceptance of responsibility. Even if Waugh had already been punished for this conduct elsewhere, however, it is not "penalizing" him to consider that conduct as indicating whether he had truly accepted responsibility.
 
 VI
 
 18
 Waugh argues that the district court erred in using his previous fraud sentence in CR-89-690-JPV before Judge Vukasin to fix his criminal history category at II instead of I, because the prior conviction was part of "the same continual offense conduct" charged in this case. Thus, Waugh reasons, his sentence in the previous case is not a "prior sentence" under U.S.S.G. § 4A1.2(a)(1) because it is for conduct that is "part of the instant offense." See also U.S.S.G. § 4A1.2(a)(2) (prior sentences in "related" cases are to be treated as one).
 
 
 19
 Because Waugh never objected to his criminal history category in district court, and in fact agreed in his sentencing memorandum and at his first sentencing hearing that his criminal history category was II, he has waived complaint on appeal. In any event there is no plain error. United States v. Lopez-Cavasos, 915 F.2d 474, 479 (9th Cir.1990). In CR-89-690-JPV, Waugh pleaded guilty to defrauding Wells Fargo Bank in February 1988 with the assistance of others. Although the fraud occurred in the same time frame as the criminal acts charged here, nothing Waugh did in the prior case served as the basis for charges in this case. The bank charge and the charges in this case were not consolidated, nor is there any indication that the criminal acts either took place on a single occasion or were part of a single common scheme or plan.
 
 VII
 
 20
 Waugh argues that his sentence of 78 months is unjustifiably disparate from that of his co-defendant Chan, who received 41 months, and who Waugh asserts was his "equal" in the overall offense conduct. The disparity, however, is a result of Chan's receiving certain adjustments based on discrete factual differences in their cases: as the district court found, Chan accepted responsibility, did not obstruct justice, had a lesser role in offense, and had a criminal history category of I instead of II.
 
 VIII
 
 21
 Waugh argues that the district court erred in increasing his offense level two levels under U.S.S.G. § 3C1.1 for obstruction of justice, because the increase was based only on Waugh's beseeching some co-defendants not to inflate his role in the scheme in order to save themselves. There was no clear error. United States v. Pascucci, 943 F.2d 1032, 1037 (9th Cir.1991).
 
 
 22
 Waugh does not dispute telephoning Deborah King and warning her not to implicate him in the credit card case, or writing Michael Lim to ask that he implicate Ross Heiney as the leader of the credit card fraud operation. Magistrate Brazil, who presided over the detention hearing, found that Waugh would devote considerable energy to prevent the truth from being discovered in the credit card case.
 
 
 23
 Waugh argues that no actual obstruction of justice resulted from his efforts, but § 3C1.1 does not require actual obstruction for the two-level increase to apply. See U.S.S.G. § 3C1.1. Thus, the district court did not clearly err in increasing Waugh's offense level for obstruction of justice.
 
 IX
 
 24
 Waugh argues that the district court erred in imposing a $25,000 fine because he established he was unable to pay and is not likely to become able to pay any fine. See U.S.S.G. § 5E1.2(a). Waugh never objected to the fine in district court, and objection is therefore waived. See United States v. Mondello, 927 F.2d 1463, 1468 (9th Cir.1991) (refusing to consider objection to fine under similar circumstances). Even if we were to review for plain error, see Lopez-Cavasos, 915 F.2d at 479, there is none.
 
 
 25
 Waugh relies solely on U.S.S.G. § 5E1.2, comment. (n. 3), which states that inability of a defendant to post bail and the fact he is represented by assigned counsel are significant indicators of present inability to pay any fine. Such facts, however, are only significant indicators and are not dispositive in the face of other evidence from which the presence of adequate resources can be inferred.
 
 
 26
 Here, Waugh claims to have had $48,000 in assets and debts of $53,000, including a $34,000 debt to his mother that is dubious. Over $1 million was deposited and withdrawn from accounts controlled by Waugh and his associates. The district court did not plainly err in imposing a $25,000 fine.
 
 
 27
 AFFIRMED IN PART, REVERSED AND REMANDED IN PART FOR RESENTENCING.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Fred Van Sickle, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note in this connection that the guideline amendments effective November 1, 1991 specifically address the situation of a fraudulently obtained loan. Application Note 7 to U.S.S.G. § 2F1.1 now states that "[i]n fraudulent loan application cases ... where the defendant's capabilities are fraudulently represented, the loss is the actual loss to the victim (or if the loss has not yet come about, the expected loss)." The commentary goes on to provide for upward or downward departure when "loss" under- or overstates the seriousness of the offense. See United States v. Kopp, 951 F.2d 521, 526-36 (3d Cir.1991) (providing exhaustive analysis of guidelines, amendments, and case law). We express no opinion on the applicability of this amended guideline on resentencing
 
 
 [2]
 Waugh argues that the government may not rely on conduct that is the subject of the contempt charge, but as the district court did not sentence on the basis of that conduct, it is not necessary to consider whether the government's position is correct