15 F.3d 1094
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Andrea VILA, Defendant-Appellant.
 No. 93-10218.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 18, 1994.*
Decided Jan. 21, 1994.
 
 Before: REINHARDT, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andrea Vila appeals her 210-month sentence imposed after a guilty plea to possession with intent to distribute dilaudid in violation of 21 U.S.C. Secs. 841(a)(1). Vila contends the district court erred by treating two of Vila's prior convictions as unrelated for purposes of calculating her United States Sentencing Guidelines criminal history score. We have jurisdiction under 28 U.S.C. Sec. 1291. We vacate and remand for resentencing because, as the government concedes, under the Guidelines in effect at the time of sentencing the district court improperly calculated Vila's criminal history category.
 
 
 3
 Because Vila failed to object in the district court, we review the district court's computation of the criminal history score for plain error. United States v. Lopez-Cavasos, 915 F.2d 474, 475-76 (9th Cir.1990); see also United States v. Taylor, 984 F.2d 298, 302 (9th Cir.1993). Plain error is a highly prejudicial error affecting substantial rights. Lopez-Cavasos, 915 F.2d at 476.
 
 
 4
 Here, the presentence report indicated Vila was arrested for two residential burglary offenses on the same date. On June 21, 1977, the same judge sentenced Vila in a single proceeding to identical concurrent sentences of ten to twelve years state prison for the two residential burglary convictions. The presentence report assigned each residential burglary conviction three criminal history points. Vila's criminal history score totalled fourteen, placing her in criminal history category VI.
 
 
 5
 The presentence report also classified Vila as a career offender because of the instant offense and her previous two residential burglary convictions. Career offender classification mandated that Vila's criminal history category be set at VI. See U.S.S.G. Sec. 4B1.1.
 
 
 6
 Because Vila was sentenced to concurrent sentences by the same judge in a single proceeding for the two residential burglary offenses, the district court erred by treating these prior offenses as unrelated under U.S.S.G. Sec. 4A1.2. See United States v. Smith, 991 F.2d 1468, 1473 (9th Cir.1993) (defendant's prior sentences "related" where defendant sentenced by same judge in one proceeding to identical consecutive sentences); see also United States v. Hummasti, 986 F.2d 337, 339 (9th Cir.), cert. denied, 113 S.Ct. 2984 (1993) (cases "related" where defendant sentenced in separate cases with different case numbers by same judge in single proceeding to identical, concurrent sentences); United States v. Bachiero, 969 F.2d 733, 734 (9th Cir.1992) (per curiam) (same); United States v. Chapnick, 963 F.2d 224, 228 (9th Cir.1992) (same). This error prejudiced Vila because, although the first prior residential burglary offenses would still receive three criminal history points, the second related conviction should receive only one point. See U.S.S.G. Sec. 4A1.1(c). Correctly calculated, Vila's criminal history score is twelve, placing her in criminal history category V. Moreover, Vila cannot be classified as a career offender under U.S.S.G. Sec. 4B1.1 because, when the two residential burglary sentences are treated as consolidated, she does not have two separate prior felony convictions for crimes of violence. See U.S.S.G. Sec. 4B1.2(3).
 
 
 7
 Because the district court plainly erred when calculating Vila's criminal history score, we vacate the sentence and remand for resentencing consistent with this memorandum disposition.[1]
 
 
 8
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's erroneous classification of Vila as a career offender relieved it of the necessity to make findings regarding the quantity of dilaudid attributable to Vila because her base offense level was set at 30. On remand, the district court will have to determine the quantity of dilaudid distributed that was reasonably foreseeable by Vila. See United States v. Petty, 992 F.2d 887, 890 (9th Cir.1993), cert. denied, 62 U.S.L.W. 3188 (Jan. 10, 1994) (No. 93-370)